UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFERY J. MITCHELL,
   Plaintiff,

vs.

No. 11-1406

MIKE MCCOY, et.al.,
   Defendant

## MERIT REVIEW ORDER

This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se Plaintiff filed his lawsuit pursuant to 42 U.S.C.§1983 claiming that his constitutional rights were violated by eight Defendants including Peoria County Sheriff Mike McCoy, Parole Supervisor Jessie Mangemery, Pontiac Correctional Center Warden Mathy, Counselor Randle Flex, Illinois Department of Corrections Director Rodger Walker, Tenth Judicial Circuit Judge Michael Brandt, Peoria County Circuit Clerk Robert Spears and the County of Peoria.

The Plaintiff says he was taken into custody in March of 2007 and was sentenced to three years in the Illinois Department of Corrections on November 26, 2007. The Plaintiff says his sentence called for him to receive credit for the time he had already spent in custody. Nonetheless, the Plaintiff says he was not given full credit and was kept in custody 48 days past his release date. The Plaintiff is asking for damages for each extra day he was incarcerated.

The Plaintiff's complaint is not easy to follow, but it appears he filed a petition in state court prior to his release, but State Judge Michael Brandt denied his petition "stating there was no error by the court." (Comp, p. 6). The Plaintiff says he also gave notice to Parole Supervisor Jessie Mentgomery, Clerk Robert Spear and Sheriff Mike McCoy of his release date, but none of them took any action. In addition, the Plaintiff says he sent numerous notices to Warden Joseph Mathy and Counselor Randle Flex, but neither considered his claims.

"Detaining an inmate beyond his release date can, under certain circumstances, constitute a violation of the Eighth Amendment." *Wilken v. Altenhof.* 2010 WL 2175838 at 2 (N.D.Ind. May 28, 2010) *citing Burke v Johnston*, 452 F.3d 665, 667 (7th Cir. 2006). To state such a claim, the Plaintiff must show that "a prison official knew of the prisoner's problem and thus of the risk

that unwarranted punishment was being inflicted." *Burke,* 452 F.3d at 669; see also Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001)(inmate stated claim against prison officials who failed to release him at the end of his sentence). The problem with the Plaintiff's complaint is that many of his Defendants are not prison officials. The Plaintiff does not allege, nor is it reasonable to infer, that Peoria County, the Peoria County Sheriff or the Peoria County Circuit Clerk had a duty to calculate the Plaintiff's release date, or that they otherwise had any control over when the Plaintiff would be released from the Illinois Department of Corrections. In addition, judges "enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Dennis v Sparks,* 449 U.S. 24m 27 (1980). Therefore, the court will dismiss Defendants Peoria County, McCoy, Spears and Brandt. The court also notes that the Plaintiff has not articulated an official capacity claim that would allow him to proceed against Defendant Peoria County. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978).

For the purposes of notice pleading the Plaintiff has stated an Eighth Amendment claim against Defendants Flex, Mathy and Mangemery. The Plaintiff does not state in the body of his complaint how Illinois Department of Corrections Director Roger Walker would be responsible for his claims. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." *Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, the court will also dismiss Defendant Walker.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds the Plaintiff has alleged that Defendants Parole Supervisor Jessie Mangemery, Pontiac Correctional Center Warden Mathy and Counselor Randle Flex violated the Plaintiff's Eighth Amendment rights when they knowingly retained the Plaintiff past his release date.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. Therefore, the clerk is directed to dismiss Defendants Mike McCoy, Roger Walker, Robert Spears, Michael Brandt and Peoria County.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 8th Day of December,  2011.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE